NOT FOR PUBLICATION                                                      (Doc. Nos. 5, 7)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                                              :
GREGORY K. HAMMOND, et al.,           :
                                                              :
                Plaintiffs,               :       Civil No. 14-1042 (RBK/AMD)
                                                              :
            v.                                         :
                                                              :       **OPINION**
CONSTABLE FORTUNATO CONTINO, et al.,  :
                                                              :
                Defendants.             :
_____   :

**KUGLER**, United States District Judge:

       Before the Court is the motion of Defendant Constable Fortunato Contino ("Defendant") to dismiss the Complaint of Gregory K. Hammond ("Plaintiff") and The Hammond Group (collectively "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the Court is Defendant's motion to strike Plaintiffs' response to Defendant's motion to dismiss. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**, and Defendant's motion to strike is **DENIED**.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

       This matter arises out of the alleged altercation between Plaintiff and Defendant on February 20, 2012, at The Hammond Group office. Plaintiff was engaged in a civil lawsuit in the Eastern District of Pennsylvania against the Borough of Eddystone, PA. (Compl. ¶ 1, 3.)[1]

---

[1] Plaintiff's Complaint is not numbered continuously. Unless otherwise noted, all citations to the Complaint will refer to the paragraphs numbered under the heading "Factual Background" and the counts listed thereunder.

Defendant is a Constable in Delaware County, Pennsylvania. (Id. ¶ 3 under "Parties"). On February 20, 2012, Defendant went to The Hammond Group office in Camden, NJ to serve court documents on Plaintiff for the ongoing litigation. (Id. ¶ 3.) Defendant wore his Pennsylvania Constable's uniform. (Id. ¶ 5.) Defendant approached Plaintiff in the hallway outside The Hammond Group office. (Id. ¶ 7.) Defendant gave Plaintiff the subpoena and asked Plaintiff for his name, which he refused to give. (Id.) Defendant then tried to take Plaintiff's picture with the camera in his cell phone. (Id.) Plaintiff ducked into a neighboring office and hid behind the door so that his picture would not be taken. (Id.) When Plaintiff emerged from the office, Defendant tried to take Plaintiff's picture again. (Id.) Plaintiff kept his hands up to try to block the camera's view of his face. (Id.) At that point, Plaintiff alleges that Defendant accused Plaintiff of trying to hit him, and Defendant left to get a police officer to arrest Plaintiff for assaulting a law enforcement officer. (Id.) Defendant returned with a member of the Camden Police Department. (Id. ¶ 9.)

    Plaintiff was charged with, among other crimes, committing an "aggravated assault upon a law enforcement officer, OFC Fortunato Contino, Jr., a Pennsylvania Constable while engaged in official duties, specifically by attempting to hit him while he was on his cell phone." (Id. ¶ 15.) This charge was eventually lowered to simple assault. (Id. ¶ 18.) Plaintiff had a criminal trial, and was found not guilty on all charges. (Id. ¶ 19.) Plaintiff alleges that as a result of his arrest and pending criminal charges, he was not able to obtain certain operating licenses for The Hammond Group in Pennsylvania, New Jersey, Delaware, and Maryland, because those states have laws requiring that the owner of an agency "have no pending criminal charges against [him]." (Id. ¶ 21.) As a result of the inability to renew licenses, The Hammond Group "ceased to exist as a viable business entity." (Id.)

Plaintiff filed a Complaint against several defendants[2] on February 19, 2014. (Doc. No. 1.) Against Defendant Contino, Plaintiff alleges: (1) Fourteenth Amendment deprivation of property (Count IV); (2) Assault (Count V); and (3) Malicious Abuse of Process (Count VI). On April 30, 2014, Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as to the claims against him, with a motion day set for June 2, 2014. (Doc. No. 5.) Despite the fact that his opposition papers were due by May 19, 2014, see L. Civ. R. 7.1(d)(2), Plaintiff did not file his response until June 4, 2014. (Doc. No. 6.) Defendant then filed a motion to strike Plaintiff's response as untimely. (Doc. No. 7.) Plaintiff is proceeding pro se.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the

---

[2] Besides Constable Contino, the Complaint also names as defendants Police Officer Pleskorkno, Vets Securing America Security Company, and Michael Vitarelli. These defendants do not join in Defendant Contino's motion to dismiss, so the Court will not address the counts relating to them.

elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680).  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680).  This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Millhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  However, the court is not required to credit a pro se litigant's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F. 3d 902, 906 (3d Cir. 1997).

## III.   DISCUSSION

### A.  Motion to Strike

Defendant argues that Plaintiff's response is untimely and should therefore be stricken. Def.'s Br. 1-3.  Moreover, Defendant contends that his motion to dismiss should be "granted as uncontested." [3]  Id. at 5.  Local Rule 7.1(d) requires that opposition to a motion be filed "at least

---

[3] The Court notes that, even if a party's motion to dismiss is uncontested, it must still be analyzed on its merits. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir.1991).  The Third Circuit admonished that "[i]f a motion to

4

14 days prior to the original motion day." L. Civ. R. 7.1(d)(2). "The Court may reject any brief or other paper not filed within the time specified." L. Civ. R. 7.1(d)(7). The court has discretion to consider documents filed outside of the prescribed time limits. D'Orazio v. Washington Twp., 501 Fed. App'x. 185, 187 (3d Cir. 2012); see also Cannon v. Bradbury Burial Vault, 2011 U.S. Dist. LEXIS 143656 (D.N.J. Dec. 14, 2011) (allowing motion filed late where "there is no evidence of prejudice to the Plaintiff…"). Here, Plaintiff submitted his opposition brief 15 days late. This is "not so late as to warrant treating the Motion as unopposed." Aurite v. Morris, No. 08-2807, 2010 WL 234941, at *2 (D.N.J. Jan. 15, 2010) (response filed two weeks late). This is especially true for pro se parties. See, e.g., LaMaina v. Brannon, 804 F. Supp. 607, 610 n.3 (D.N.J. 1992) ("Despite defendant's failure to adhere to this deadline, the court will exercise leniency toward this pro se defendant and consider the arguments raised by the brief.") The Court will therefore consider Plaintiff's response to Defendant's motion to dismiss.[4] Defendant's motion to strike is denied.

### B. Motion to Dismiss

#### 1. Count IV – Fourteenth Amendment – Deprivation of Property

Count IV of Plaintiff's Complaint alleges a violation of the Fourteenth Amendment due to a deprivation of property.[5] In support of this claim, Plaintiff alleges that Defendant filed a

---

dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to state a claim upon which relief may be granted. Rather, it is dismissed as a sanction for failure to comply with the local court rule." Id. at 30.

[4] Although the Court will consider Plaintiff's opposition brief, it will not consider Plaintiff's motion to disqualify counsel embedded within the brief, as this motion is not properly before the Court in an opposition to a motion to dismiss. See Pl.'s Br. 3-6. To the extent that this Court would construe the motion to disqualify as a cross-motion, the motion to disqualify is still not proper because it does not relate to the subject matter of the original motion. See L. Civ. R. 7.1(h); Fed. Deposit Ins. Corp. v. Modular Homes, Inc., 859 F. Supp. 117, 125 (D.N.J. 1994) (declining to consider a cross-motion to dismiss the complaint for failure to comply with discovery where the original motion was to dismiss certain affirmative defenses.)

[5] The heading of Count IV of Plaintiff's Complaint actually states "14th Amendment – Deprivation of Liberty Interest – Property." However, Plaintiff does not pursue a deprivation of liberty in any of the enumerated

5

false police report, which caused Plaintiff to be arrested and charged with the crimes of aggravated assault on a law enforcement officer and resisting arrest. Compl. ¶ 36. Plaintiff alleges that, due to statutes in multiple states requiring that the owner of an agency have no pending criminal charges against him in order to obtain operating licenses, id. ¶ 21, his arrest record "prevented him from obtaining the licenses required for The Hammond Group to expand as planned or to remain in business as a viable entity." Id. ¶ 37. This false report caused Plaintiff to suffer the loss of a property interest "in the form of the demise of The Hammond Group and the loss of business profits from its operation." Id. ¶ 38.

To properly plead a Fourteenth Amendment claim pursuant to 42 U.S.C. § 1983,[6] a plaintiff must allege: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). "Acting under color of state law requires that the defendant . . . have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Id. (citations omitted). Plaintiff has properly alleged that Defendant was acting in his capacity as Constable under color of law. Compl. ¶ 35.

To establish a non-legislative substantive due process claim, a plaintiff must prove that (1) the interest is protected by the substantive due process clause, and (2) that the defendant's deprivation of that interest shocks the conscience. Chainey v. Street, 523 F. 3d 200, 219 (3d Cir. 2008). Where a plaintiff alleges a deprivation of property, he "must establish as a threshold

---

paragraphs, nor is the Court able to conceive of such a claim under the facts alleged. Therefore, the Court will treat this count as a substantive due process claim for deprivation of property only. See Compl. ¶¶ 32-39.

[6] Although Plaintiff does not explicitly invoke § 1983 for this particular count, the Court assumes that this count is pursuant to § 1983 because Plaintiff relies on § 1983 in his jurisdictional statement. Compl. ¶ 2 under "Jurisdiction."

matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." Nicholas v. Pennsylvania State Univ., 277 F.3d 133, 139-40 (3d Cir. 2000) (quoting Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 123 (3d Cir. 2000)). To state a substantive due process claim, "a plaintiff must have been deprived of a particular quality of property interest." DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 598 (3d Cir. 1995). The Third Circuit has so far limited non-legislative substantive due process claims to cases involving real property ownership; it has been "reluctant to extend substantive due process protection to other, less fundamental property interests." Nicholas, 277 F.3d at 141. Rather, the property interest must be "fundamental" under the Constitution in order to implicate substantive due process. Id.

Here, even treating all of Plaintiff's allegations as true, and liberally construing Plaintiff's Complaint, Plaintiff fails to properly allege a substantive due process claim for the deprivation of property, and his claim must be dismissed. Plaintiff describes his deprivation of property as "the demise of The Hammond Group and the loss of business profits from its operation." Compl. ¶ 38. These are not constitutionally protected interests. See Wrench Transp. Sys., Inc. v. Bradley, 340 Fed. App'x. 812, 815 (3d Cir. 2009) (finding no constitutionally protected substantive due process interest in the right to "engage in business"); Chester Cnty. Aviation Holdings, Inc. v. Chester Cnty. Aviation Auth., 967 F. Supp. 2d 1098, 1107 (E.D.Pa. 2013) (dismissing plaintiff's substantive due process claim because there is no protected property interest in a company's ability to operate its business). Because Plaintiff has not alleged that Defendant deprived him of a constitutionally protected interest, Count IV will be dismissed. See Moore v. Hudson Cnty. Corr. Facility, No. 05-1230, 2008 WL 877961, at * 6 (D.N.J. March 28, 2008) (dismissing

7

Fourteenth Amendment substantive due process claim where plaintiff "failed to articulate a fundamental right infringed upon by Defendants").

### 2. Counts V and VI – Assault and Malicious Abuse of Process

Plaintiff alleges that Defendant committed an assault on him when Plaintiff "feared for his physical safety during the initial stages of the encounter with Defendant" at The Hammond Group office. Compl. ¶ 44. Plaintiffs also allege malicious abuse of process by Defendant for filing an "unmeritorious criminal complaint that lacked probable cause." Id. ¶ 46. At his criminal trial, Plaintiff was found not guilty on all charges. Id. ¶ 48. Plaintiff alleges that Defendant filed his complaint with "'ill will' and malice to cause legal difficulties for [Plaintiff]," id. ¶ 49, and that Plaintiffs suffered "catastrophic business losses" as a result of the report, id. ¶ 50.

Defendant contends that these counts should be dismissed for Plaintiffs' failure to comply with the New Jersey Tort Claims Act ("TCA") pre-suit notice requirement. Pl.'s Br. 3-4. The TCA sets forth a procedural framework for making claims against public entities and public employees. See N.J.S.A. §§ 59:8-3, 59:8-8. A plaintiff is barred from recovering against a public employee if he fails to provide notice of the claim within 90 days of the accrual of the claim. N.J.S.A. § 59:8-8. This requirement applies to both intentional and non-intentional torts. Lassoff v. New Jersey, 414 F. Supp. 2d 483, 490 (D.N.J. 2006).

In his Complaint, Plaintiff alleges that Defendant is a "duly appointed constable" in Pennsylvania. Compl. ¶ 3 under "Parties"; id. ¶ 33. He further alleges that Defendant "was in his constable's uniform, with badge displayed and was acting under color of law pursuant to his position as a Pennsylvania constable." Id. ¶ 35. However, the TCA defines a public employee as an "employee of a public entity." N.J.S.A. § 59:1-3. A public entity, in turn, "includes the

8

State, and any county, municipality, district, public authority, public agency, and any other political subdivision or public body in the State." Id. (emphasis added). Because Defendant is a Constable in the state of Pennsylvania, and not New Jersey, the pre-suit notice requirement does not apply to him. Therefore, the Court will address the merits of the claims.

### a. Assault

An assault under New Jersey law occurs when a defendant "intends . . . to cause apprehension" that a battery, or "the harmful or offensive touching of plaintiff's person without his consent," is imminent. Corradetti v. Sanitary Landfill, Inc., 912 F. Supp. 2d 156, 161 (D.N.J. 2012). Here, Plaintiff alleges that he viewed Defendant's actions as "aggressive," and that he feared for his safety during the altercation with Defendant. Compl. ¶¶ 43-44. He also alleges that Defendant was visibly armed with a handgun during this confrontation. Id. ¶ 42. Taking these facts as true, the Court finds that Plaintiff has alleged sufficient facts to survive a motion to dismiss on this count.

### b. Malicious Abuse of Process

To state a claim for malicious abuse of process in New Jersey, a plaintiff must allege (1) an improper or "ulterior" motive, and (2) "some further act after an issuance of process representing the perversion of the legitimate use of the process." Fleming v. United Parcel Serv., Inc., 604 A.2d 657, 681 (N.J. Super. Ct. Law Div. 1992), aff'd 642 A.2d 1029 (N.J. Super. Ct. App. Div. 1994), cert. denied, 649 A.2d 1285 (N.J. 1995). "'Process' is not abused unless 'after its issuance the defendant reveals an ulterior purpose he had in securing it by committing 'further acts' whereby he demonstrably uses the process as a means to coerce or oppress the plaintiff.'" Ruberton v. Gabage, 654 A.2 1002, 1005 (N.J. Super. Ct. App. Div. 1995) (quoting Tedards v. Auty, 557 A.2d 1030, 1035 (N.J. Super. Ct. App. Div. 1989)). "Coercive action or bad motives

9

or intent prior . . . to the institution of the lawsuit do not suffice to expose a plaintiff to a cause of action for malicious abuse of process." See Penwag Prop. Co. v. Landau, 372 A.2d 1162, 1165 (N.J. Super. Ct. App. Div. 1977).

Even construing the Complaint liberally and in the light most favorable to Plaintiff, and assuming that filing a criminal complaint constitutes "process," Count VI still does not survive Defendant's motion to dismiss. Plaintiff alleges that Defendant filed the false complaint with "'ill will' and malice to cause legal difficulties" for Plaintiff. Compl. ¶ 49. This is merely a conclusion not supported by any factual averment, and therefore is not entitled to the assumption of the truth. Moreover, Plaintiff has not alleged any further act by Defendant after the criminal proceedings were initiated whereby Defendant used the process as a means to "coerce or oppress" Plaintiff. See Ruberton, 654 A.2d at 1005. Therefore, the Court will dismiss Count VI of Plaintiff's Complaint.

## IV. CONCLUSION

For the reasons stated herein, Defendant's motion to strike is **DENIED**. Furthermore, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The motion to dismiss is denied as to Count V. The motion to dismiss is granted as to Counts IV and VI, and these claims shall be dismissed without prejudice. Plaintiff may request, within the requisite time period stated in the Order accompanying this Opinion, leave to amend these counts to cure the deficiencies noted herein. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.") An appropriate order shall issue.

Dated: 11/17/2014                          s/ Robert B. Kugler  
                                                                               ROBERT B. KUGLER  
                                                                               United States District Judge