NOT FOR PUBLICATION                                                                                      (Doc. No. 13)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| GREGORY K. HAMMOND, et al., | : |
| Plaintiffs, | : Civil No. 14-1042 (RBK/AMD) |
| v. | : |
| CONSTABLE FORTUNATO CONTINO et al., | : **OPINION** |
| Defendants. | : |

**KUGLER**, United States District Judge:

Before the Court is the motion of Plaintiff Gregory K. Hammond ("Plaintiff") for leave to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a). For the reasons set forth below, Plaintiff's motion will be **DENIED**.

### I.    BACKGROUND[1]

This matter arises from the alleged altercation between Plaintiff and Defendant Constable Furtunato Contino ("Defendant") on February 20, 2012 at The Hammond Group office. Plaintiff was engaged in a civil lawsuit in the Eastern District of Pennsylvania against the Borough of Eddystone, PA. (Compl. "Factual Background" ¶¶ 1, 3.) Defendant, a Constable in Delaware County, PA, went to The Hammond Group office in Camden, NJ to serve court documents on Plaintiff for the ongoing litigation.

---

[1] As this Court has already recited the facts in detail in its prior Opinion, the Court will only recount the facts necessary for the limited purpose of this motion to amend. (See Doc. No. 11). All facts are taken from the original Complaint, as the proposed Amended Complaint adds no substantive factual allegations.

(Id. "Parties" ¶ 3.) An altercation ensued; Defendant left to get a police officer, and he returned with a member of the Camden Police Department, who arrested Plaintiff. (Id. "Factual Background" ¶¶ 7, 9.) Plaintiff was ultimately charged with simple assault, had a criminal trial, and was found not guilty on all charges. (Id. ¶¶ 18-19.) Plaintiff alleges that as a result of his arrest and pending criminal charges, he was not able to obtain certain operating licenses for The Hammond Group in Pennsylvania, New Jersey, Delaware, and Maryland, because those states have laws requiring that the owner of an agency have no pending criminal charges against him. (Id. ¶ 21.) As a result, Plaintiff alleges that The Hammond Group ceased to be a viable business entity. (Id.)

Plaintiff filed a Complaint against several defendants on February 19, 2014. (Doc. No. 1.) This Court granted Defendant's motion to dismiss Plaintiff's Complaint as to Count IV (Deprivation of Property under the Fourteenth Amendment) and Count VI (Malicious Abuse of Process) without prejudice, allowing Plaintiff the opportunity to file a motion for leave to amend the Complaint. (Doc. No. 12). Plaintiff filed the instant "request" to amend his Complaint on December 1, 2014. (Doc. No. 13.) As Plaintiff is proceeding pro se, this Court will treat the request as a formal motion for leave to amend the Complaint pursuant to Fed. R. Civ. P. 15(a).[2] Defendant opposes the motion on the

---

[2] Here, Plaintiff has not filed a notice of motion and separate brief pursuant to L. Civ. R. 7.1. In addition, Plaintiff has failed to attach the proposed amended complaint to the motion as required by L. Civ. R. 7.1(f). Instead, he appears to have combined his brief and proposed amended complaint into one document, reciting facts and then following them with legal arguments. Though failure to comply with Rule 7.1 may alone constitute grounds for dismissal, because Plaintiff is proceeding pro se, this Court will consider the motion to amend Counts IV and VI on the merits despite its procedurally deficiencies. See Allen v. N.J. Dept. of Human Servs., No. 06-5229, 2007 WL 2306664, at *6 (D.N.J. Aug. 8, 2007) (pro se plaintiff's failure to comply with Rule 7.1(f) excused, but motion to amend denied because proposed amendment would be futile.)

grounds of futility.[3]

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, leave to amend pleadings shall be "freely give[n]" when "justice so requires."  Fed. R. Civ. P. 15(a)(2).  In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Id. at 182; see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

In determining if a proposed amendment should be denied based on futility grounds, courts employ the "same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)."  Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citations omitted); see also Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be

---

[3] Plaintiff also seeks to disqualify Defendant's counsel.  However, the Court will not address this issue; litigants may not simply join different unrelated motions together in a single motion as parties are entitled to notice of each individual motion.  See Hackensack Riverkeeper v. Delaware Ostego Grp., 450 F. Supp. 2d 467, 470 n.1 (D.N.J. 2006) (a court will not address an issue where the party has failed to file a formal motion on that specific ground).  Plaintiff is directed to file a formal motion if he wishes to pursue this relief.  Additionally, there is some indication that Plaintiff is attempting to join Defendant's counsel, Holstein & Associates, as a defendant in this litigation.  To the extent that Plaintiff is attempting to do so, this Court declines to address the merits of that argument due to the procedural defects discussed in note 2, supra.  The Court instead directs Plaintiff to file a formal motion in compliance with the Federal Rules of Civil Procedure and New Jersey Local Civil Rules.

granted."). Under Rule 12(b)(6), a motion to dismiss may be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Id. at 555; see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

### III.  DISCUSSION

Plaintiff's amended complaint provides some new legal arguments and conclusions, but no new factual statements, and therefore the motion must be denied.  As discussed in this Court's prior Opinion, Plaintiff's Fourteenth Amendment claim (Count IV) fails because Plaintiff has not alleged that Defendant deprived him of a constitutionally protected property interest.  See Doc. No. 11 at 7.  The loss of business profits for failure to obtain the appropriate licenses is simply not a constitutionally protected property interest.  See Nicholas v. Pennsylvania State Univ., 227 F.3 133, 141 (3d Cir. 2000) (limiting non-legislative substantive due process claims to cases involving real property ownership).  The law has not changed since the Court issued its opinion on the matter, and Plaintiff has not alleged any additional facts that would support such a claim.

Likewise, amendment would be futile for Plaintiff's Malicious Abuse of Process claim (Count VI), because Plaintiff again has not alleged any new facts that would give rise to relief.  Plaintiff argues that serving the subpoena to him at The Hammond Group office "was done to harass, oppress, and intimidate plaintiff at his place of business."  Pl.

Br. 6.  But, as stated in this Court's prior Opinion on the issue, Count VI fails because Plaintiff has neither alleged facts suggesting an improper "ulterior" motive, nor a further act after an issuance of process that would reveal the "perversion" of the legitimate use of process.  See Doc. No. 11 at 10; Fleming v. United Parcel Serv., Inc., 255 N.J. Super. 108, 157 (Law Div. 1992).  Therefore, this Court must deny Plaintiff's request for leave to amend his Complaint as to Counts IV and VI.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend is **DENIED**.  An accompanying Order shall issue.


Dated:   6/8/2015                                                       s/ Robert B. Kugler
                                                                   ROBERT B. KUGLER
                                                                   United States District Judge